IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LOUIS ALLEN                                                                                     PLAINTIFF

VS.                                                             CIVIL ACTION NO. 5:04-cv-248-JCS

LASHONDA G. GRAYSON, ET AL.                                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte*. The Court has held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Allen is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915. For the reasons discussed in this opinion, the Court finds that the Plaintiff's claims against all of the Defendants should be dismissed.

### I. PLAINTIFF'S CLAIMS

At the time of the incidents forming the basis of this lawsuit, the Plaintiff was a pretrial detainee who had been taken into custody by the City of Centreville, Mississippi. The defendants are Lashonda G. Grayson, a deputy sheriff for Wilkinson County, and Reginald Jackson, Sheriff of Wilkinson County, Mississippi, the county in which the city of Centreville is located. Allen alleges that he had surrendered himself to the City of Centreville, Mississippi, on an assault charge, to which he later pleaded guilty and for which he is currently serving a term of

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

incarceration with the Mississippi Department of Corrections.  At the time of the incident, he was in the custody of a police officer of the City of Centreville on the assault charge and had just arrived at the City of Centreville Police Department.  When he arrived at the Police Department, Plaintiff was already handcuffed, and at that time he encountered one of the defendants, Ms. Grayson.  The Defendant Grayson is the daughter of Allen's alleged assault victim and a deputy sheriff for Wilkinson County.  According to his omnibus hearing testimony, Allen alleges that when he encountered Grayson, she grabbed him by the shoulder while he was still handcuffed, hit him on his chest with her fist, and knocked him to the floor.  He alleges that she hit him a second time in the chest with her fist before another police officer pulled Grayson away, thereby ending the physical confrontation. In his complaint, Plaintiff alleges that Grayson threatened him with bodily harm after she knocked him to the floor.  At the hearing, the Plaintiff stated that he did not go to the hospital at that time, and that he had no permanent injuries as a result of the incident.

     Plaintiff alleges that Sheriff Jackson denied him adequate medical care during his time of incarceration at the Wilkinson County Jail.  He alleges that while he was incarcerated at the Jail, he had problems with his back and suffered from headaches.  At the omnibus hearing, Allen testified that his problems began within one month of arriving at the jail, and he was incarcerated at the jail for a total of eighty-three days.  At the omnibus hearing, he further testified that Jackson initially denied him medical care until Jackson could receive permission from the Mississippi Department of Corrections to provide medical care for him.  After Jackson apparently received the proper authorization to provide medical care, however, Allen testified that during his remaining time at the Jail he was treated four times by a doctor, consisting of

three visits to the doctor's office, and one visit by the doctor to see him at the Jail. He said that the doctor treated him by giving him a shot and other medications.

## II.  DISCUSSION

### A. OFFICIAL CAPACITY CLAIMS

The Plaintiff has failed to allege, either in his complaint or at the omnibus hearing,, the existence of an official custom, practice, or policy implemented by the Wilkinson County Jail which allegedly caused a deprivation of his constitutional rights. Accordingly, the Plaintiffs' claims against these Defendants in their official capacities are dismissed. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

### B. INDIVIDUAL CAPACITY CLAIMS

Turning to the Plaintiff's claims against Grayson, it does not appear that the Plaintiff's claims rise to the level of a constitutional violation. While the Court does not condone Grayson's conduct, it appears, from the Plaintiff's testimony, that any injuries received as a result of the incident are *de minimis*. Plaintiff does not allege the existence of any cuts, bruises, or abrasions resulting from these alleged blows and fall. The Court finds that Allen's claims regarding his physical condition do not rise to the level of a *de minimis* injury, thus his claim is not of constitutional proportions. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see also Luong v. Hatt, 979 F.Supp. 481 (N.D. Tex. 1997)(Cuts, bruises, abrasions, etc., lasting only two or three days do not rise to the level of a constitutional injury.). Any claim for verbal abuse against Grayson fails to rise to the level of a constitutional violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(citing Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993))("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under

§ 1983."). Furthermore, this claim does not qualify as an injury under 42 U.S.C. § 1997e(e), the standard required for a claim to be brought for a mental or emotional suffering under the Prison Litigation Reform Act. Accordingly, this claim against Grayson is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff next claims that Jackson denied him adequate medical care. The Fifth Circuit has adopted the same standard for evaluating a jail official's episodic acts or omissions for both pretrial detainees and convicted prisoners. Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996)(en banc). An official's episodic act or omission violates a convicted inmate's Eighth Amendment right to medical care if the official acts with subjective deliberate indifference to the detainee's or inmate's rights. Nerren v. Livingston Police Dep't, 86 F.3d 469, 473 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 648 (5th Cir. 1996)(en banc). The Fifth Circuit has defined "subjective deliberate indifference" as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir.1997).

Evaluating Allen's claims as they appear on the face of his complaint and amended complaint, and as supplemented by his testimony at the omnibus hearing, the Court finds that his allegations fail to rise to the level of a constitutional violation. Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). At the omnibus hearing he admitted that he was seen by a physician four times after Jackson received permission to treat him, thus Jackson was not deliberately indifferent to

his serious medical needs. Although Allen may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). Moreover, although his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Thus, because the Plaintiff's allegations have shown that Jackson was not deliberately indifferent to his serious medical needs, this claim should be dismissed with prejudice.

### III. CONCLUSION

For the reasons discussed in this opinion, the Court finds that the Plaintiff's claims against all Defendants should be dismissed with prejudice. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the   5th   day of July, 2006.

                                                  s/ James C. Sumner
                                                  UNITED STATES MAGISTRATE JUDGE